THE STATE, EX REL. MAX L. RUDENSEY, RELATOR, v. WILLIAM SENIOR, INSPECTOR OF BUILDINGS OF THE TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, AND THE TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, DEFENDANTS.

Submitted February 15, 1926—Decided May 4, 1926—Filed June 19, 1926.

**Zoning—Stores in Restricted Territory—Case Within Ignaciunas v. Risley as to the Nature of Building—As to Regulation Relating to Building Line, Held, Not Valid—As to Side Yard, There is No Evidence That Such a Requirement is Necessary, and Its Legality Will Not be Decided Here.**

On rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Whiting & Moore* (*Ira C. Moore,* of counsel).

For the defendant, *George R. Beach.*

PER CURIAM.

This case is before this court upon a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to direct the inspector of buildings of the town of Montclair to deliver to the relator a building permit for the erection of a building designed for stores, with one apartment above. The lot of the relator upon which he desires to erect the building is located upon the northwest corner of

Valley road and Laurel place. Valley road is the main thoroughfare from Montclair to Paterson. A trolley line and bus lines are operated over it. A short distance from the rear of the property in question the tracks of the Erie Railroad Company are located. There are places of business in the immediate neighborhood, but principally the buildings in the vicinity of the relator's lot are residences.

The application, when made to the building inspector, was denied upon the ground that it did not comply with the zoning ordinance of the town of Montclair, in that, first, the building was designed for business purposes and was to be located in a residential zone, and second, that in the plans for the building there was no set back of twenty-five feet from Valley road and Laurel place and no side yard, as required by the zoning ordinance. The building inspector recommended to the relator an appeal to the board of adjustment of the town of Montclair. The board of adjustment sustained the position taken by the building inspector.

At the October term, 1925, of this court, this case was before this court upon a writ of *certiorari.* This the court held was not the proper method of review. The present rule to show cause was then allowed.

The questions herein presented are the same questions which have heretofore been considered by this court and the Court of Errors and Appeals.

The first ground of refusal, namely, that the proposed building is to be used for store purposes, and is to be erected upon a parcel of land classified in the zoning ordinance as a residential section, has been considered and held to be without merit in the cases of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712 (*affirmed,* 99 *Id.* 389), and *H. Krumgold & Sons* v. *Jersey City,* 3 *N. J. Adv. R.* 1546.

The second ground assigned for the refusal to issue the permit was that the plans did not provide for the building being set back twenty-five feet from Valley road and Laurel place. Similar provisions in zoning ordinances have been considered in cases before this court and the Court of Errors and

Appeals, and such regulations have been held to be invalid. These cases are *Eaton* v. *South Orange, 3 N. J. Mis. R. 264, 957; Heller* v. *South Orange, 3 Id.* 1080; *Scola* v. *Senior, 3 N. J. Adv. R.* 1800; *Vatter* v. *Kaltenbach, 3 N. J. Mis. R.* 665; 4 *N. J. Adv. R.* 343.

The third ground for the refusal to issue the permit was that there was no provision by the relator for a side yard as required by the Montclair ordinance. The respondents contend that this is a new feature and one which has not been passed upon by the court of this state. We do not deem it necessary to decide this question, as there is no evidence in the record that such a requirement for the kind of building proposed to be erected by the relator is necessary for the public health and safety.

A peremptory writ of *mandamus* is awarded.