Harris, Bldg. Inspector, v. The State, ex rel. Ball et al.

*Constitutional law—Municipal zoning ordinance—Controlling building height and bulk and fixing setback lines, constitutional—Method of fixing setback lines reasonable— Setback lines not declared unreasonable in absence of testimony thereof—Evidence—Exclusion of testimony by witness not specially qualified, not prejudicial.*

1. Zoning ordinance, dividing municipality into districts to control height and bulk of buildings to be erected and to fix setback lines for streets of city, is not in violation of Article I, Sections 1 and 19 of the Constitution, or of Section 1 of the Fourteenth Amendment, U. S. Constitution.

2. Zoning ordinance, fixing setback line of 25 feet on particular street in city by taking average distance from

street of buildings in any block at time of passage of ordinance, *held* reasonable.

3. Court of Appeals cannot declare setback line from city streets, determined by zoning ordinance, to be unreasonable, where there is no testimony in record that it is unreasonable.

4. Exclusion of evidence as to reasonableness of setback line fixed by zoning ordinance by witnesses not fully advised respecting subject of setback line, and their relation to public welfare, morals, or safety, *held* not prejudicial error, in proceedings involving validity of ordinance.

(Decided September 10, 1926.)

ERROR: Court of Appeals for Trumbull county.

*Mr. G. H. Birrell,* for plaintiff in error.
*Messrs. Phelps & King,* for defendants in error.

FARR, J. The case of State of Ohio on relation of Gordon G. Ball and Mary Ball v. C. K. Harris, as Building Inspector of the City of Warren, is here on error. The action below was for a writ of mandamus to require Harris, as building inspector, to issue a permit to Gordon G. Ball for the purpose of improving his property by way of inclosing the one-half of an open porch attached to his residence upon the west side of York street in the city of Warren. The cause came on to be heard in the court below, and resulted in a finding for plaintiffs, with the direction that a writ issue requiring the building inspector of the city to issue the permit as prayed for. From the judgment so entered error is prosecuted here upon a number of grounds, which are, in effect, that the judgment is contrary to law, is against the weight of the evidence, and the exclusion of competent testimony.

The facts of importance here are briefly as follows:

On the 20th day of March, 1925, the city of Warren by its council passed an ordinance providing for the zoning of the city, by which the whole territory of the municipality was divided into districts designated by letters of the alphabet, thereby seeking to control the height and bulk of buildings to be erected and to fix setback lines for the streets of the city.

It is the last-mentioned provision that is involved in this case. The Balls were the owners of the property known as No. 18, on the west side of York street. When the city council passed Ordinance 1752, the zoning ordinance in question, it provided, among other things, that the setback line within this block, from Market street to Ward avenue, where the Ball property is located, should be 25 feet. The porch attached to the street wall of the house of the Balls is 8 feet in width and 26 feet long. The ordinance provided that this setback line should not apply to open porches and steps which did not extend beyond 10 feet from the street wall of a building. Therefore the application was made by the Balls to inclose the half of an open porch attached to the street wall of this building and to make it a sun room to be used in connection with the living room in said dwelling.

On the 17th day of September, 1925, application was made by the Balls for the permit to so improve the property. Upon application being made, the inspector of buildings, upon the same date, refused to grant it.

The zoning ordinance of the city, by section 16, created a Zoning Board of Appeals, to which, when

a permit was refused, the person aggrieved might appeal, which Ball did, and, upon hearing before that board, the order of the inspector of buildings was sustained, whereupon the Balls brought their action in the court below to compel Harris, the building inspector, to issue the permit, with the result above stated.

The vital issue in this case is within a comparatively small compass. Exhaustive briefs were filed by both sides. The brief of plaintiff in error discusses primarily the exercise of police power, the right of eminent domain, and distinguishes the right of eminent domain from the exercise of police power. Each of the cases cited in connection with the subjects discussed has been examined, and all are found to reflect in various ways upon the questions collaterally involved here, practically all of which are well settled in this jurisdiction.

It is contended upon the part of the Balls that the ordinance contravenes Sections 1 and 19, Article I, of the Ohio Constitution, and Section 1 of the Fourteenth Amendment to the federal Constitution. So that the issue is squarely raised here as to whether this ordinance, and especially Section 10, thereof, is constitutional or unconstitutional and void. That issue has been settled in Ohio in the case of *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30. While the facts of the *Messer case* are somewhat different from the facts in the instant case, yet the Supreme Court of Ohio has there announced the doctrine that zoning ordinances including a provision for setback lines are constitutional. The first two propositions of the syllabus of the above case read:

"1. Laws enacted in the proper exercise of the

police power, which are reasonably necessary for the preservation of the public health, safety and morals, even though they result in the impairment of the full use of property by the owner thereof, do not constitute a 'taking of private property' within the meaning of the constitutional requirements as to making compensation for the taking of property for public use and as to the deprivation of property without due process of law.

"2. An ordinance enacted by a municipality under Article XVIII, Section 3, of the Ohio Constitution, and under Sections 4366-1 to 4366-12, General Code, dividing the whole territory of the municipality into districts according to a comprehensive plan which, in the interest of the public health, public safety, and public morals, regulates the uses and the location of buildings and other structures and of premises to be used for trade, industry, residence, or other specific uses, the height, bulk, or location of buildings and other structures thereafter to be erected or altered, including the percentage of lot occupancy, setback building lines, and the area of yards, courts, and other spaces, and for such purpose divides the city into zones or districts of such number, shape, and area as are suited to carry out such purposes, and provides a method of administration therefor, and prescribes penalties for the violation of such provisions, is a valid and constitutional enactment."

Very well might this court stop with the foregoing citation, because it determines the right to pass such ordinances as the one in question here, and determines every issue in this case save one, and that is whether or not the provision as to the setback line in question is reasonable. It is a note-

worthy fact that, in the number of cases cited upon both sides of this case, perhaps not more than one or two reflect directly upon the question of the set-back line.

One case of interest in this connection is that of *Wulfsohn* v. *Burden, Inspector of Bldgs. of City of Mt. Vernon,* 241 N. Y., 288, 150 N. E., 120, 43 A. L. R., 651, a very respectable authority to be considered in this connection, and it holds in accord with the above case of *Pritz* v. *Messer.*

The next proposition is whether or not the setback line in the instant case is reasonable. The setback line of the ordinances in question and the line involved here were established by taking the average distance from the street of the buildings in any block at the time of the passage of the ordinance. The city of Warren and these buildings existed for a long time prior to the passage of the ordinance, and it would be exceedingly difficult to provide a specific setback line that would apply equally well to each particular block. The setback line on both sides of York street, including the location in question, is 25 feet, and it is so fixed between Market street and Ward avenue. In the next block it is 22 feet, and so it varies all over the city of Warren, fixed with reference to the buildings already erected. Had it not been so, the person who might erect a new building and attempt to conform to a definite and fixed setback line, would perhaps have found himself in a pocket between two buildings which had been formerly constructed. And if such had been the provisions of this ordinance there is little doubt that its terms would have been held to be unreasonable, and an unjust and an unwarranted interference with prop-

erty rights. But under the circumstances can a fairer method be suggested by which setback lines could be fixed and the rights of property holders determined in this respect than by taking the average distance of the buildings within the block from the street line to the street wall of the building, granting to each property owner fair consideration by striking an average line as indicated? If not, it cannot well be said that the line as fixed in the instant case is unreasonable, especially in view of the fact that this record does not disclose any testimony whatever to the effect that it is. The very fact that this average was adopted by the authorities of the city of Warren suggests to the ordinary mind the spirit of fairness that must have controlled in the attempt to provide a zoning ordinance for the city.

Therefore it is sufficient to say that it could not well be maintained that this setback line in question is unreasonable, nor could this court so find, in view of the fact that there is no testimony whatever disclosed by the record that it is unreasonable.

There is another assignment of error and that is that the court excluded competent testimony upon the trial below. It was attempted to be shown that the setback line as fixed is a reasonable exercise of police power. The testimony tendered was not that of witnesses assuming to be fully advised with respect to the subject of setback lines and their relation to public welfare, morals, or safety. They were usual and ordinary witnesses not claiming special knowledge in that regard. Therefore there was no prejudicial error in the exclusion of this testimony.

It is also insisted here that the court erred in refusing to grant a new trial upon the ground of newly discovered evidence. It does not appear that there is any virtue in this contention and consequently there was no prejudicial error in that regard, and no prejudicial error in any particular as disclosed by the record, except that the judgment entered by the court below is contrary to law and against the weight of the evidence.

For the reasons given, the judgment is reversed, and the cause remanded.

*Judgment reversed.*

POLLOCK and ROBERTS, JJ., concur.