**WEISS v. GUION, Commissioner of Buildings, et al.**

(District Court, N. D. Ohio, E. D.  December 29, 1926.)

1. **Municipal corporations ⬤⟳601—Establishment of set-back lines is within police power.**

   Generally establishment of set-back lines is lawful exercise of police power.

2. **Municipal corporations ⬤⟳601—Set-back lines are presumptively valid as having reasonable relation to public health and safety.**

   Set-back lines within municipality have such a reasonable relation to public health and public safety as to be presumptively valid.

3. **Constitutional law ⬤⟳48—Burden of proving that ordinance establishing set-back line deprives owner of property without due process is on person assailing ordinance (Const. Amend. 14, § 1).**

   Burden of proving that municipal ordinance establishing set-back line deprives owner of property without due process of law, in violation of Const. Amend. 14, § 1, is on person assailing ordinance.

**4. Municipal corporations ⟨=⟩625—Ordinance establishing set-back line held not unreasonable and arbitrary.**

Evidence *held* not to establish that municipal ordinance establishing set-back line was unreasonable and arbitrary, as affecting plaintiff's property.

**5. Constitutional law ⟨=⟩278(1)—Expense to owner acquiring desired depth of building does not render order establishing set-back line contrary to due process.**

Incidental damages or expense to property owner, in order to get desired depth of building otherwise than by extending building to street line, does not constitute taking property without due process, so as to invalidate ordinance establishing set-back line.

In Equity. Suit by Harry L. Weiss against William D. Guion, Commissioner of Buildings, and others. Bill dismissed.

Maurer, Bolton & McGiffin, of Cleveland, Ohio, for plaintiff.

Carl F. Shuler, City Law Director, of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. Plaintiff brings this action against the commissioner of buildings and the commissioner of the division of engineering of the city of Cleveland to obtain injunctive relief. The relief specifically prayed is an injunction restraining defendants from refusing to check and approve the street line of Hough avenue, of said city, as a building line, from refusing to pass on certain building plans submitted by plaintiff for the erection of a building fronting on said avenue, and from refusing to issue to plaintiff a permit, permitting him to build in accordance with his plans. Although in form this prayer is for an injunction, plaintiff in substance is seeking a mandamus. Defendants appeared and answered, and the case was heard and submitted on the merits. No objection was made to the procedure. Both parties expressed a desire to have the case heard and disposed of on its merits.

The controversy involves the validity of certain provisions of the Building Code of the city of Cleveland. That Code, among other provisions, establishes two districts, known as B1 and B2. All of the territory within the city limits, except the suburb of West Park, recently annexed, is included within one or the other of these districts. As to certain areas within the congested and well built up part of the city, the existing street line is adopted as the building line. In other sections a building or set-back line of varying depth is adopted. Hough avenue, between East Eighty-Ninth street and Ansel road, is included in one district and a set-back line of 10 feet is established. In the ordinance as passed in 1924, the set-back line was the average distance of existing buildings from the street line, a distance of approximately 22 feet.

Plaintiff owns two adjoining lots on the north side of Hough avenue, about midway between East Ninetieth and East Ninety-Third streets. When his plans were first submitted and his application for a building permit was made, it was refused by defendants, and on appeal to a board of appeals created by the ordinance, this action was approved. The board, however, recommended that the ordinance be amended, so as to establish a uniform set-back line of 10 feet for Hough avenue between East Eighty-Ninth street and Ansel road, which includes that part of the avenue where plaintiff's property is situated. On December 21, 1925, the ordinance was amended in accordance with this recommendation, and thereafter plaintiff made a new application, which was refused upon the sole ground that his building plans contemplated erecting his building at the street line in disregard of the set-back ordinance. He did not appeal from this action, but counsel for defendants on this hearing admitted that such appeal would be futile, and waived any objection to the determination of the case upon its merits.

The provisions of the ordinance as a whole need not be stated. In this case plaintiff complains only of the restriction imposed upon his right of property by the 10-foot set-back line. It is well settled that he has no right to complain of other provisions, because they affect others injuriously. Hence our consideration of the ordinance will be limited to its set-back provisions as they affect the property on Hough avenue between the termini above stated, especially as they damage plaintiff's property.

As already said, the ordinance prohibits buildings within this area from being erected closer to the street line than 10 feet. Buildings in existence at the time the ordinance was passed are excepted from this provision. In the event new buildings are to be constructed in place of existing buildings, the set-back line applies. As to corner lots fronting upon streets intersecting Hough avenue in this territory, the set-back distance shall be not less than 5 feet. As is usual in like ordinances, a board of appeals is provided, to which an appeal may be taken from action of administrative officers refusing to check and approve plans and issue permits. This board has power, after notice and up-

on hearing, to grant permits to build beyond the 10-foot line in cases of special hardship. The language is that the board shall have power "in a specific case to vary such provisions in harmony with its general purpose and intent so that the public health, safety, and general welfare may be secured and substantial justice done."

[1, 2] Plaintiff bases his right to relief solely on the ground that the set-back line thus established deprives him of his property in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, which provides: "Nor shall any state deprive any person of life, liberty, or property, without due process of law." No question is made that the municipal legislature has exceeded the power conferred on it by the state Legislature, or has acted in violation of any limitations imposed by the legislative grant of power. The question then is the simple one of whether the specific set-back provisions, as they affect plaintiff, deprive him of his property without due process of law. The general principles of law applicable to this question have been stated so many times that a re-examination is now unnecessary. For convenience, see Euclid-Doan Co. v. Cunningham, 97 Ohio St. 130, 119 N. E. 361; Ohio Hair Products Co. v. Rendigs, 98 Ohio St. 251, 120 N. E. 836; Pritz v. Messer, 112 Ohio St. 628, 149 N. E. 30; Wulfsohn v. Burden, 241 N. Y. 288, 150 N. E. 120, 43 A. L. R. 651; Village of Euclid v. Ambler Realty Co., 47 S. Ct. 114, 71 L. Ed. ——. As a general proposition, it is settled that the establishment of set-back lines is a lawful exercise of the police power. Upon this proposition there has never been any substantial conflict in the authorities. No opinion to the contrary has ever been entertained or expressed by me. If that power could ever have been thought doubtful, it is now fully determined in favor of the state by the case last cited. In the light of the authorities it must be held that set-back lines have such a reasonable relation to the public health and public safety as to be presumptively valid.

[3] This is not to say, however, that special property conditions or situations may not exist, or that the set-back line may not be so unreasonable that this presumption of validity is overcome, or that a specific set-back line may not, in view of the special circumstances affecting a specific parcel of property, be invalid because its owner is deprived of his property without due process of law. The burden of proving such circumstances and showing the invalidity is cast upon the

person assailing the ordinance. As was said in Wulfsohn v. Burden, supra, such an ordinance "being designed to promote public convenience or general prosperity, as well as public health, public morals, or public safety, the validity of a police regulation must depend upon the circumstances of each case and the character of the regulation for the purpose of determining whether it is arbitrary or reasonable, and whether really designed to accomplish a legitimate public purpose." The present ordinance and set-back line will therefore be considered as it affects plaintiff's property, and, if, so considered, it cannot be said to be clearly arbitrary and unreasonable, it must be sustained.

[4] The property frontage upon Hough avenue between East Eighty-Ninth street and Ansel road, is approximately 3,550 feet, of which one-half is on the north and one-half on the south side.[1] Hough Avenue between these termini is 60 feet wide. The paved roadway between curb lines is 36 feet wide. All of the buildings or other structures encroaching upon the 10-foot set-back line were in existence in 1924 before the ordinance was passed. Upon the north side, and on both the east and west corners, at East Ninety-Third streets, are buildings extending to the street line. On the west side, the frontage so involved is 50 feet, and on the east side, 75 feet. On the east side of Ninety-Third street there are two additional buildings, having a frontage each of 40 feet which encroach from 5 to 7 feet. At the corner of Ansel road is another small encroachment, so far removed, however, from plaintiff's property as to be of no importance. On the south side of Hough avenue, between East Eighty-Ninth and Ninetieth streets, buildings encroach to the street line a distance of 250 feet. At the East Ninety-Third street corner, on the west side, is an encroachment of 40 feet, and on the east side another of 90 feet. At the extreme east end, where the south line of Hough avenue diverges, so as to leave a large open area, there are two further small encroachments, so far distant, however, from plaintiff's property as to be of no importance. On the south side of Hough avenue and on the southeast corner of Ninetieth street, two parts of a building encroach 5 feet. This building is upon a corner lot, fronting on East Ninetieth street, which, by the provisions of the ordinance, is permitted. With these exceptions,

---

[1] All distances are approximate only, having been determined by me from a map drawn to scale.

all of the existing buildings are set back not less than 10 feet, and on a large majority of the property as much as 20 feet, or more.

Thus it appears that the frontage of lots upon which buildings were in existence beyond the 10-foot set-back line constitute not more than 10 per cent. of the entire frontage. If we exclude the frontage on the south side between Eighty-Ninth street and Ninetieth, the encroachments are much less than 10 per cent. It further appears that plaintiff's lots are some distance from the encroaching buildings; the nearest being the 50-foot encroachment on the northwest corner of East Ninety-Third street. If the ordinance had required the removal of these existing buildings to conform to the set-back line, it might have been unreasonable. The question here is whether the newly established line is unreasonable, because the ordinance does not compel their destruction and does not permit the plaintiff to encroach in the same manner. Obviously the natural trend in this section is towards business and apartments. The encroaching buildings are, with few exceptions, cheap and more or less temporary structures. Many of them will probably in the near future disappear and be replaced by better and more permanent structures conforming to the established line.

Upon consideration of the whole situation, I am of opinion that it is not shown that the ordinance is unreasonable and arbitrary, either as applied generally to this part of Hough avenue, or as it affects specially the plaintiff's property. Indeed, it is not too much to say that defendants have sustained the burden of showing that the ordinance is a reasonable and proper exercise of the police power. It could be overthrown only by holding that any set-back ordinance deprives the abutting property owner of his property without due process of law.

[5] All of the considerations shown by the evidence or known to me judicially make in favor of the validity of the ordinance. The showing of hardship or injury to plaintiff's property is not impressive. His building plans call for the construction of two single story brick structures designed for occupancy as retail stores. In order to get the desired depth, he wishes to include in the rear thereof a part of the ground floor of existing frame buildings erected and now used as dwellings. If he is required to set his new buildings back 10 feet from the street line, he cannot get the desired depth without taking more of the dwellings or moving them back. Both of his lots, as well as practically all others in this area, are 160 feet in depth. The evidence that the value of his lots is depreciated because he cannot now build to the street line is far from convincing. It is no doubt true that his new buildings will have a less rental value if he diminishes their depth, and also that it will be necessary to incur additional expense in order to get the desired depth, otherwise than by extending his buildings to the street line. But incidental damage or expense of this nature, as well as expense necessary to alter existing buildings, do not make a case of taking property without due process of law.

Nor is that part of section 1297, much stressed by plaintiff, a fatal objection to its validity. It provides that the set-back line now established shall remain the same in the future, even though the street may be later widened. This provision does not disclose, as plaintiff contends, that the dominating purpose in passing the ordinance was to widen the street and take private property for that use without compensation, rather than to promote the public health and public safety. It evidences rather an opinion that the open space will be reasonably adequate from the point of view of the public health and public safety, notwithstanding the street may be later widened. Its effect is beneficial rather than harmful to the plaintiff's property. It is some assurance against the re-establishment of a new set-back line encroaching further upon plaintiff's property in the event the street is widened, and that plaintiff and other property owners will not be disturbed in the future, if they improve their lots in conformity to the line now established.

For the reasons stated herein, plaintiff's bill will be dismissed, at his costs.