[1] Reported in 213 N.W. 907.
The appeal is from an order refusing either to amend the findings or grant a new trial.
The action is mandamus to compel the building inspector of the city of Minneapolis to issue a building permit to relator. The findings were in favor of defendant. In this court the chief attack is directed against the validity of the set-back provision of the zoning ordinance. Incidentally certain findings of fact are challenged as without support, and rulings during the trial are assailed.
Relator's property is 60 feet front on the easterly side of Grand avenue, the south boundary being 60 feet north of Thirty-eighth street. North, towards Thirty-seventh street, there are several detached residences. Relator's premises are within the commercial zone; but under the provisions of the ordinance no building may extend over a line drawn parallel with the lot line on Grand avenue and 30 feet east thereof. Whereas to the south of relator's premises fronting on Thirty-eighth street, zoned as a commercial street, there are buildings clear to the corner. The commercial zone, being a strip of 120 feet north of and adjacent to Thirty-eighth street, includes relator's premises, but nothing north thereof. The particular provisions of the ordinance applicable to relator's property are [in § 17]:
"Set-Back: 1. Where twenty-five (25%) percent or more of all the property according to front feet on one side of a street between two intersecting streets at the time of the passage of this ordinance is built up with buildings a majority of which have observed or conformed to a mean (average) set-back line with a variation of no more than six (6) feet no building shall hereafter be erected or *Page 233 
structurally altered so as to project beyond such mean (average) set-back line."
And in § 19, paragraph 9:
"Where the frontage on one side of a street between two (2) intersecting streets is located partly in a Residence or Multiple Dwelling District and partly in a Commercial District and the Commercial District is also located in a Two and One-half (2 1/2) Story Height District any set-back regulations required in such residence or Multiple Dwelling Districts shall also be required in the Commercial District."
The main features of the zoning ordinance in question have been sustained against constitutional objections both by this court and the Supreme Court of the United States in State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N.W. 569; Beery v. Houghton,273 U.S. 671, 47 Sup. Ct. 474, 71 L. ed. 548. A similar ordinance enacted by a municipality of Ohio was sustained in Village of Euclid v. Ambler Realty Co. 272 U.S. 365, 47 Sup. Ct. 114,71 L.ed. 171. But it is earnestly contended that a set-back provision of this ordinance creates an easement and amounts to taking property without compensation, thus violating provisions of the state and federal constitutions. In those states where the police power has been held not adequate to enact laws similar in general scope to the ordinance in question, are decisions holding set-back provisions void. State ex rel. v. McKelvey, 301 Mo. 1,256 S.W. 474; State ex rel. v. Edgcomb, 108 Neb. 859,189 N.W. 617, 27 A.L.R. 437; Rudensey v. Senior (N.J.) 133 A. 777; Appeal of White, 287 Pa. St. 259, 134 A. 409; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387. The last cited case seems to have turned on the same proposition as did the decisions in Eubank v. City of Richmond, 226 U.S. 137,33 Sup. Ct. 76, 57 L. ed. 156, 42 L.R.A. (N.S.) 1123, Ann. Cas. 1914B, 192, and Austin v. Thomas, 96 W. Va. 628, 123 S.E. 590,38 A.L.R. 1490, and are not in point here, namely, that a provision in an ordinance which permits a majority of a certain district to determine a set-back line or any other regulation is void. *Page 234 
We think a reasonable provision in a zoning ordinance as to building or set-back lines is valid. The following decisions tend either directly or indirectly to sustain such a provision. Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381,38 A.L.R. 1479; Zahn v. Board of Public Works, 195 Cal. 497, 234 P. 388; Town of Windsor v. Whitney, 95 Conn. 357, 111 A. 354,12 A.L.R. 669; City of Aurora v. Burns, 319 Ill. 84, 149 N.E. 784; Deynzer v. City of Evanston, 319 Ill. 226, 149 N.E. 790; Ware v. City of Wichita, 113 Kan. 153, 214 P. 99; State ex rel. v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; Brett v. Building Commissioner of Brookline, 250 Mass. 73, 145 N.E. 269; Wood v. Building Commissioner of Boston (Mass.) 152 N.E. 63; City of Bismarck v. Hughes, 53 N.D. 838, 208 N.W. 711; Lincoln Trust Co. v. Williams Building Corp. 229 N.Y. 313, 128 N.E. 209; In re Wulfsohn v. Burden, 241 N.Y. 288, 150 N.E. 120, 43 A.L.R. 651; Pritz v. Messer, 112 Ohio St. 628, 149 N.E. 30; Gorieb v. Fox,145 Va. 554, 134 S.E. 914; Bebb v. Jordan, 111 Wn. 73,189 P. 553, 9 A.L.R. 1035; State ex rel. v. Harper, 182 Wis. 148,196 N.W. 451, 33 A.L.R. 269; Weiss v. Guion (D.C.) 17 F.2d 202. The court in State ex rel. v. Harper, supra, well disposes of appellant's argument that set-back lines impose easements or take property without compensation. The court says:
"Although one owns property he may not do with it as he pleases, any more than he may act in accordance with his personal desires. As the interest of society justifies restraints upon individual conduct, so also does it justify restraints upon the use to which property may be devoted. It was not intended by these constitutional provisions [forbidding the taking or injuring of property without just compensation] to so far protect the individual in the use of his property as to enable him to use it to the detriment of society. By thus protecting individual rights, society did not part with the power to protect itself or to promote its general well-being. Where the interest of the individual conflicts with the interest of society, such individual interest is subordinated to the general welfare. If in the prosecution of governmental functions it becomes necessary *Page 235 
to take private property, compensation must be made. But incidental damage to property resulting from governmental activities, or laws passed in the promotion of public welfare, is not considered a taking of the property for which compensation must be made. * * * Except in cases of nuisance there is a reciprocity of benefits resulting from limitations imposed upon the use of property by general laws. He who is limited in the use of his property finds compensation therefor in the benefits accruing to him from the like limitations imposed upon his neighbor."
It may also be added that set-back lines or building lines do not really create an easement in the strict legal sense. No one acquires any right of passage or other use to the exclusion of the owner over that part of the lot upon which buildings or structures are forbidden. The effect of set-back lines and open yards and spaces in zoning ordinances is merely to regulate the use of property. It gives no beneficial use to another, except as light and air may rest undisturbed in the space where structures are prohibited. This restriction of use is based upon the exercise of the police power for the general welfare, and is not based on contract rights or the exercise of the power of eminent domain.
The ordinance is also assailed as arbitrary and discriminatory because the set-back line, where separate dwellings had been erected in a block before the adoption of the zoning ordinance, is determined by a consideration of the distance such existing dwellings are placed from the street line. A "mean" set-back line is thus fixed. This may result in dwellings on one side of the same street, between intersecting streets, having unequal set-back or building line from those on the opposite side. We do not see anything of a discriminatory or arbitrary nature in taking into consideration the location of buildings in existence at the time of the adoption of a zoning ordinance and adjusting set-back lines so as to correspond as much as possible with the one generally observed by those who built in the block before zoning was contemplated. Such consideration for existing use indicates absence of arbitrary conduct. That the location of buildings already constructed may *Page 236 
properly be used in fixing set-back lines on the street was held in City of Aurora v. Burns, 319 Ill. 84, 149 N.E. 784.
It is also the contention of appellant that the legislature has not delegated the power to the city of Minneapolis to fix set-back lines in a zoning ordinance. The language of L. 1923, p. 521, c. 364, and L. 1925, p. 357, c. 284, is:
"That for the purpose of promoting the public health, safety, order, convenience, prosperity and general welfare, any city in the state of Minnesota now or hereafter having 50,000 inhabitants or over, acting by and through the governing body of such city, may by ordinance regulate the location, size and use of buildings, the height of buildings, the arrangement of buildings on lots, and the density of population therein, may make different regulations for different districts thereof, and may acquire or prepare and adopt a comprehensive city plan for such city or any portion thereof for the future physical development and improvement of the city," etc.
It would seem clear when the power is granted to regulate the location and size and the arrangement of buildings on lots, set-back lines, building lines or yard spaces may be fixed. What is a set-back line but a regulation of the location or arrangement of buildings that may be erected on the lot so that they may have a certain distance from the street?
We cannot hold paragraph 9 of § 19 of the ordinance invalid. So far as appears the 60 feet south of relator's property had a commercial building occupying the whole thereof when the ordinance was adopted, and was therefore excepted from the set-back provision and, as already stated, there is nothing savoring of arbitrariness or illegal discrimination in having regard for conditions in existence when an ordinance is enacted.
Mindful of the fact that a zoning ordinance, resting as it does upon the police power of the state, may and often does lay an uncompensated burden upon some property owner, we cannot regard of controlling weight testimony to prove either the depreciation of relator's property by enforcement of the ordinance, or the depreciation of his neighbors' by its nonenforcement. *Page 237 
Hence, it is doubtful whether the finding assailed in the second assignment of error is essential to a decision in respondent's favor. However, we think the evidence sustains it, and the finding is responsive to the issue litigated in respect to a vacation of the permit given relator to erect a building in disregard of the set-back provision of the ordinance. There is great force in the opinion of the two judges who concurred in the decision of Gorieb v. Fox, 145 Va. 554, 134 S.E. 914, that the city council has no right to grant a permit to erect a building upon a place forbidden by a valid zoning ordinance. But be that as it may, the vacation of the permit in view of the situation and the finding referred to cannot be held to have been arbitrary.
The errors assigned upon the rulings excluding or admitting testimony are not discussed in the brief and we see nothing in them that calls for a reversal.
We do not reach the question touching the proceeding begun under L. 1915, p. 180, c. 128.
The order is affirmed.