C. H. E. BOARDMAN, Appellee, v. C. F. DAVIS et ux., Appellants; CITY OF MARSHALLTOWN, Intervener, Appellee.

No. 45801.

MAY 12, 1942.

Lundy, Butler & Lundy, for appellants.

Boardman & Cartwright and Harry Druker, for appellee.

W. D. Kearney, for intervener-appellee.

OLIVER, J.—In the spring of 1941, defendants purchased and started to erect a dwelling house upon the north 80 feet of Lot 5 in a certain block in Marshalltown. Said Lot 5 was an interior lot, 60 feet wide and 182 feet long. It was bounded on the north by Main Street and extended south to an alley, which intersected the block.

Certain other lots in the same half block were occupied by three other dwellings, which had been constructed many years previously and which also faced north on Main Street. One of these was the homestead of plaintiff. These houses were set back from the street 42½ feet, 68 feet, and 55 feet, respectively, so that the average building line in that block was about 55 feet south of Main Street. The house defendants were building was set back only about 26 or 30 feet south of said street.

Plaintiff first learned of this construction work upon his return, in April 1941, from an extended absence. He then demanded the removal of said house and upon defendants' refusal instituted this action in equity to require such removal. Later the City intervened in said action and, in effect, joined with plaintiff. The principal basis of the suit was that the house was being constructed in violation of the set-back provisions of the zoning ordinance of Marshalltown. This is a comprehensive zoning ordinance, which took effect in 1937, and which provides in part:

"SECTION 13. SET-BACKS. * * *

"B. In any 'A' District or any 'B' District, where two or more lots in any block are occupied by buildings which existed at the time of the passage of this ordinance, the average of the distances of the street walls of such building from the street line shall be the established building line; but no building shall be required to set back more than fifty feet in any case in any 'A' District or in any 'B' District * * *."

The zoning ordinance also provides that no building shall be erected except in conformity with its provisions, and requires a certificate of occupancy evidencing such compliance to be applied for coincident with the application for the building permit. The applicant for a building permit is required

to furnish plans drawn to scale, showing the dimensions of the lot, size and location of building to be erected, the distance every building within the block is set back from the street line upon which the lot abuts, and other information necessary for the proper enforcement of the ordinance.

The following building permit issued for defendant's house:

"Marshalltown, Iowa, March 24, 1941. Permission is hereby granted to C. F. Davis, owner, Chris Lund, contractor, to build a private dwelling, 403 east Main Street, in Marshalltown, Iowa. This permission is granted upon the express condition that the said owner and contractor will comply with all the statutes of the State of Iowa and all the rules and regulations and ordinances of the city and Board of Health of Marshalltown, Iowa. Fee $8.00. Estimated cost $4,900. Signed Leonidas Dennis, Housing Commissioner. Countersigned, Anne McMahon, City Clerk.''

It was not contended that a certificate of occupancy was applied for in connection with the application for building permit or that a plan was furnished showing the dimensions of the lot, location of the building to be erected thereon, and the distances other buildings in the block were set back from the street. The decree ordered the removal of the house to conform to the zoning ordinance with particular reference to the set-back provisions. Defendants have appealed. The material facts are not in controversy.

I. The Municipal Zoning Law, Chapter 324, Code of 1939, empowers cities and towns to adopt comprehensive zoning ordinances. The constitutionality of such statutes and ordinances enacted thereunder has been generally sustained, as a valid exercise of the police power, in the interest of public peace, order, morals, health, safety, comfort, convenience, and the general welfare. Anderson v. Jester, 206 Iowa 452, 456, 221 N. W. 354, 356; Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016.

In this case the principal controversy concerns the validity of the set-back provisions of the ordinance, which require one constructing a residence to conform to the average building line established by other buildings in the block, the required set-

back, however, being limited to 50 feet. This precise question has not been passed upon by this court but has received frequent consideration elsewhere. A leading case is Gorieb v. Fox, 274 U. S. 603, 608, 47 S. Ct. 675, 677, 71 L. Ed. 1228, 53 A. L. R. 1210, in which the court held a set-back ordinance did not contravene the due-process and equal-protection clauses of the fourteenth amendment to the Federal Constitution.

The court stated that set-back provisions, and those requiring open areas at the sides and rear of a house, interfere with the owner's general right of dominion over his property but are justified by conditions resulting from the recent concentration of population in urban communities and the vast changes in the extent and complexity of the problems of modern city life.

"State legislatures and city councils, who deal with the situation from a practical standpoint, are better qualified than the courts to determine the necessity, character and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable."

The court referred with approval to certain reasons pleaded as a basis for the ordinance, that front yards afford room for lawns and trees, keep the dwellings farther from the dust, noise, and fumes of the street, add to the attractiveness and comfort of a residential district, create a better home environment, reduce the fire hazard; that a projecting building shuts off light and air from adjacent dwellings and by interfering with the view of the street corners increases the danger to street traffic.

Set-back provisions of a zoning ordinance were held to be a valid exercise of police power in State ex rel. McKusick v. Houghton, 171 Minn. 231, 213 N. W. 907. There the statutory provisions, as well as the set-back requirements of the ordinance, were substantially the same as those involved in this case. The decision stated that the statute had delegated to the city ample authority to fix reasonable set-back lines, and that the provisions of an ordinance fixing the set-back lines at the average of existing dwellings on one side of the same street between intersecting streets were not discriminatory nor arbitrary but indicated the absence of arbitrary conduct.

Harris v. State, 23 Ohio App. 33, 155 N. E. 166, sustained a provision requiring compliance with the average existing set-back, the court stating it was reasonable. Some other authorities sustaining set-back provisions are, Moore v. City of Pratt, 148 Kan. 53, 79 P. 2d 871; Weiss v. Guion, 17 F. 2d 202; Thille v. Board, 82 Cal. App. 187, 255 P. 294; Bouchard v. Zetley, 196 Wis. 635, 220 N. W. 209; Wulfsohn v. Burden, 241 N. Y. 288, 150 N. E. 120, 43 A. L. R. 651.

The authorities recognize that a zoning ordinance, which rests upon the police power of the state, may, and often does, lay an uncompensated burden upon some property owners. However, such requirements do not constitute an easement upon the property. Nor do they deprive the owner of his property, as in the case of an appropriation by eminent domain for some specific public use. They are merely a restraint upon the owner's use of the property for the protection of the general well-being, or, in other words, to prevent harm to the public. In determining the validity of the police regulation the prime consideration must be the general purpose and relationship of the ordinance and not the hardship of an individual case.

In general, the authorities above cited enunciate the doctrine that set-back provisions of an ordinance will not be held invalid unless they clearly appear to be arbitrary and unreasonable. Although there are some contrary holdings, this is the doctrine of the majority of the more recent cases. It appears to be sound and to be consistent with the position taken by this court in Anderson v. Jester, supra, and in City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N. W. 823, 188 N. W. 921, 23 A. L. R. 1322.

The trial court found the requirement that a dwelling conform to the mean set-back line established by existing buildings in a residential block, up to a maximum of 50 feet, was not unreasonable or arbitrary. We concur in this finding and in the conclusion that the set-back provisions in controversy are not unconstitutional or invalid. Defendants' difficulties seem to have resulted from their error in attempting to construct a dwelling on the stub-end of a lot, alongside of other dwellings in the same block with set-backs averaging more than 50 feet. The building permit afforded defendants no protection, because

the location of the building clearly violated the zoning ordinance. Under the circumstances, it was proper for an adjacent property owner to maintain an action in equity to require the removal of said building. Zimmerman v. O'Meara, 215 Iowa 1140, 245 N. W. 715; Boehner v. Williams, 213 Iowa 578, 239 N. W. 545.

II. Code sections 5724 and 5725 provide that upon passage of an ordinance establishing any restricted district, building lines, or fire limits, the ordinance and plat of said district shall be recorded in the office of the county recorder. Defendants assert that the failure to record this ordinance, and the plat of the entire city, rendered the same invalid as to them. Assuming that said provisions are applicable to this zoning ordinance, we think they are directory only and that the validity of the ordinance did not depend upon such recordation. The statute does not so provide. Nor does that appear to have been the legislative intent. These sections were enacted as chapter 200 of Laws of the Thirty-ninth General Assembly, which was entitled:

"An Act to provide for the recording and indexing by county recorders of restricted districts, building lines, and benefited districts."

An ordinance takes effect upon due passage and publication and, at least in the absence of specific legislative provision, may not be invalidated by the failure to perform some subsequent ministerial act. It is uniformly held that ordinances have the same force and effect within the corporate limits as do laws passed by the legislature. McQuillin on Municipal Corporations, 2d Ed., 1939 Revision, section 674. Therefore, the provisions of the ordinance will be presumed to have been known to defendants.

The decree of the trial court requiring the removal of the building is affirmed.—Affirmed.

BLISS, C. J., and SAGER, GARFIELD, WENNERSTRUM, HALE, MILLER, and STIGER, JJ., concur.