58 So.2d 849 (1952)
CITY OF MIAMI
v.
ROMER et al.
Supreme Court of Florida, Division B.
January 4, 1952.
As Amended on Denial of Rehearing June 4, 1952.
*850 J.W. Watson, Jr., and John E. Cicero, Miami, for appellant.
Chertkof & Kalish, Anderson & Nadeau, George Chertkof and Thomas H. Anderson, all of Miami, for appellees.
ROBERTS, Justice.
The decree which we review on this appeal was entered in proceedings instituted by the appellees to determine their right to compensation because of an alleged appropriation of their property to public use by the City of Miami, the appellant here.
The facts are, in substance, as follows: The appellees are the owners of certain property situated in the business district of the Little River section of Miami, which property abuts on the north the street of N.E. 80th Terrace. The width of the dedicated right-of-way of this street is 30 feet. Subsequent to the date of purchase of the subject property by appellees, the City of Miami enacted Ordinance No. 3179 which, it is stated in brief  no copy of the ordinance appearing in the record  provides that no building shall be erected on any street in the City of Miami closer than 25 feet to the center line of said street. Thereafter, the appellees leased their property under a 99-year lease, by the terms of which the lessee was required to construct a building on the premises and which lease provided further for an increase in the rental price of the property if the lessee was able to obtain permission from the City to build upon all or any portion of the 10-foot strip between the set-back line established by the ordinance and the edge of the street, as theretofore dedicated by the City.
The lessee was refused permission by the City to build upon the 10-foot strip, but did thereafter obtain a Line and Grade Permit authorizing the construction of the building on the set-back line, together with a sidewalk five feet in width adjacent thereto and occupying one-half of the 10-foot strip previously mentioned; and such building and sidewalk were constructed by the lessee.
The unpaved portion of five feet remaining between the sidewalk and the paved right-of-way of the street was subsequently paved with a "temporary" paving by the City of Miami at the request of the Little River Business Men's Association because of the serious drainage problem and traffic hazard caused by its unpaved condition and, it appears, simply as a gratuity on the part of the City.
The appellees sought, by bill in equity, to have the court adjudicate that the City of Miami had taken the ten feet abutting on N.E. 80th Terrace without making compensation therefor, and also prayed that the City be required to proceed with condemnation proceedings against such property or, in the alternative, that the court determine the value of said property and require the City to pay to appellees the said value.
The City denied that it had ever claimed ownership or right of access for public use in and to the North ten feet of appellees' property and averred that the use by the public of the ten feet covered by the sidewalk and paving was by license of the appellees and their lessee.
Testimony was taken before a Master, who found that there had been an appropriation for public use by the City of the ten-foot strip in question and that compensation in the amount of $6,818.18 should be paid as the reasonable value thereof. The Master's Report was confirmed by the lower court and final decree based thereon was entered. The City has appealed.
Since it is uncontroverted that the sidewalk was constructed by the lessee for his own purposes and uses on the owner's property  and, it must be assumed, with the knowledge and consent of the owner  it *851 certainly cannot be said that there has been, as a matter of fact, an appropriation to public use by the City of this particular portion of the 10-foot strip; and it follows, then, that the decree of the lower court holding that the entire 10-foot strip had been appropriated to public use must have been based on the theory that ordinance No. 3179, as a matter of law, constituted a "taking" or appropriation to public use of appellees' property for which just compensation should be made under the provisions of Article XII of the Declaration of Rights of the Constitution of the State of Florida, F.S.A.
As heretofore noted, the ordinance required all buildings thereafter erected to be set back at least 25 feet from the center line of the street. In the case of the appellees' property, this, in effect, established a building set-back line of ten feet on the side of the lot adjacent to N.E. 80th Terrace.
On the general question of the establishment of building set-back lines by municipalities, the courts of this country are not in accord as to whether this may be accomplished by the exercise of the police power, rather than under the power of eminent domain with its corollary of "just compensation." A leading case on this question  and one which appears to this court to lay down the sounder rule  is that of Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228, 53 A.L.R. 1210, in which it was held that an ordinance of the City of Roanoke, Virginia, which created a set-back or building line, was validly enacted under the police power of the city. The Supreme Court of the United States had previously in Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, held that comprehensive zoning laws and ordinances prescribing, among other things, the height of buildings to be erected and the extent of the area to be left open for light and air and in aid of fire protection, etc., are, in their general scope, valid exercises of the police power. In the Gorieb case [274 U.S. 603, 71 L.Ed. 1228, 47 S.Ct. 677], the court said "It is hard to see any controlling difference between regulations which require the lot owner to leave open areas at the sides and rear of his house and limit the extent of his use of the space above his lot and a regulation which requires him to set his building a reasonable distance back from the street. Each interferes in the same way, if not to the same extent, with the owner's general right of dominion over his property. All rest for their justification upon the same reasons which have arisen in recent times as a result of the great increase and concentration of population in urban communities and the vast changes in the extent and complexity of the problems of modern city life." See also Weiss v. Guion, D.C., 17 F.2d 202; Harris v. State ex rel. Ball, 23 Ohio App. 33, 155 N.E. 166; Hayes v. Hoffman, 192 Wis. 63, 211 N.W. 271; Moore v. City of Pratt, 148 Kan. 53, 79 P.2d 871; State ex rel. McKusick v. Houghton, 171 Minn. 231, 213 N.W. 907, 908.
In the case last cited the Minnesota court stated that "* * * setback lines or building lines do not really create an easement in the strict legal sense. No one acquires any right of passage or other use to the exclusion of the owner over that part of the lot upon which buildings or structures are forbidden. The effect of setback lines and open yards and spaces in zoning ordinances is merely to regulate the use of property. It gives no beneficial use to another, except as light and air may rest undisturbed in the space where structures are prohibited. This restriction of use is based upon the exercise of the police power for the general welfare, and is not based on contract rights or the exercise of the power of eminent domain."
The ordinance was not attacked in the lower court as being unreasonable and arbitrary. On the question of reasonableness, this court in City of Miami Beach v. Texas Co., 141 Fla. 616, 194 So. 368, 376, 128 A.L.R. 350, cited 11 Am.Jur., page 1091, par. 307, as follows: "`In accordance with the general principles governing the determination of the reasonableness of state legislation, the question of the reasonableness of an ordinance is one in the first instance for the determination of the body which enacted it. A city, as the arm of the state, has in the exercise of the police *852 power a wide discretion in determining what precautions in the public interest are necessary and appropriate under the circumstances. Its exercise of the police power will not be interfered with by the courts in the absence of a clear abuse of discretion, unless it is manifestly unreasonable and oppressive, for it is not within the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations to pass ordinances relating to objects within the proper domain of the police power. * * *'
"One attacking the validity of an ordinance has the burden of establishing its invalidity when such ordinance appears on its face to have been regularly enacted. (Citations) All presumptions will be indulged in favor of the validity of an ordinance when regularly enacted."
We hold, then, following Gorieb v. Fox, supra, and other cases cited, that a municipality is not required to establish building setback lines through the exercise of the power of eminent domain but may do so through the exercise of the police power and without compensation to the property owners. And since, as heretofore noted, it was not shown  or even attempted to be shown  that the building line restriction itself, or as applied to the appellees' particular property, was unreasonable and arbitrary, it must be held to have been a proper exercise of the police power to promote and conserve the public health, safety, comfort, convenience, or general welfare.
The fact that, as shown by the testimony adduced at the trial, the city officials may have had in mind an eventual widening of the right-of-way on the particular street abutting appellees' property does not, in our opinion, constitute a "taking" of the appellees' property for public use, within the meaning of Article XII of the Declaration of Rights. Until such time as the City officials find that the public interest will be best served by condemning all or any portion of the 10-foot strip for street purposes, the property owner is free to use such strip of land in any lawful manner and for any lawful purpose, except the construction of a building thereon. And, as heretofore shown, the appellees have already used a portion of the 10-foot strip abutting their property for their own purposes, to wit, the construction of a five-foot sidewalk adjoining their building.
Had the Chancellor decreed only that there had been a taking by the City of the five feet paved for street purposes, an entirely different question would have been presented, and we would be inclined to hold that there had been a taking of this particular portion of appellants' property for which compensation should be made. See Rosenbaum v. State Road Department, 129 Fla. 723, 177 So. 220. However, we cannot uphold a decree which, in effect, declares the ordinance as a whole to be a taking of private property without compensation. This is not to say that a situation could not arise where the application of the ordinance to a particular piece of property would be an unreasonable exercise of the police power; but no such case has been here presented.
For the reasons stated, the decree appealed from should be and it is hereby
Reversed.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.