In re MARRIAGE OF Lois Ann GRIFFEY and Ronald R. Griffey.

Upon the Petition of

Lois Ann Griffey, Appellant,

and Concerning

Ronald R. Griffey, Appellee.

No. 99–0868.

Supreme Court of Iowa.

July 5, 2001.

Thomas J. Miller, Attorney General, and Christina F. Hansen and M. Elise Pippin, Assistant Attorneys General, for appellant.

Rodney J. Ryan of Rodney J. Ryan, P.C., and Thomas P. Hyland of Thomas Hyland, P.C., Des Moines, for appellee.

LARSON, Justice.

When Ronald Griffey moved from Iowa to Texas in 1979, he was subject to a child support judgment in an Iowa dissolution decree. Iowa requested that Texas begin its own action against Griffey to collect almost $20,000 in past due child support. In October 1986 a Texas district court entered an "Agreed Support Order" under which the court found Griffey owed $12,000 in past due child support. The Texas court ordered this amount to be paid, which Griffey did, but Iowa contends the Texas court had no authority to reduce the amount owed under the Iowa judgment.

In 1998 the Iowa Child Support Recovery Unit requested and received an order to withhold $60 per week from Griffey's social security benefits. On Griffey's application, the district court quashed the income-withholding order, and the attorney general appealed. We reverse and remand.

## I. Facts and Prior Proceedings.

In 1975 the marriage of Lois and Ronald Griffey was dissolved by the Iowa District Court for Polk County. Under the dissolution decree, the custody of the parties' three children was awarded to Lois. Ronald Griffey was ordered to pay child support initially in the amount of $35 per week, to increase to $60 per week in July 1976.

When Ronald moved to Texas in 1979, his child support payments, which were already in arrears, continued to fall further behind. All three children, who had remained in Iowa, attained their majority by December 17, 1983. As of that date, Griffey owed $19,980. In 1986 Iowa requested that Texas collect the amount owing under the Iowa decree. However, in October 1986 a district court in Texas found an arrearage in child support payments of only $12,000 and ordered payments of $150 per month toward the arrearage. Griffey complied with the Texas order and received notification from the office of the Texas attorney general in November 1993 that "all arrears are paid" and Texas was closing their case.

Iowa authorities, however, were not satisfied with the amounts received under the Texas order. Under the Iowa decree, Griffey owed $19,980, and he had paid only $14,303 under the Texas order. This left a balance in excess of $5000. In May 1998 the Iowa Child Support Recovery Unit, acting on behalf of Lois, served an income-withholding order on the Social Security Administration against Griffey. Griffey's response was to file a motion to quash, and that is the basis of the present litigation.

## II. Resolution.

█ The parties disagree as to the extent of the authority granted to Texas when Iowa referred the child support collection matter to it. Griffey contends he and the Texas attorney general (representing the child support claimant) reached a settlement resulting in an order showing $12,000 to be owed under the Iowa decree. Griffey contends that, because the claimant agreed to the Texas order through its attorney there, the Iowa decree was superseded, and the effect was to modify the Iowa decree accordingly. He also contends that Iowa acquiesced in the Texas order and therefore may not challenge it now.

The attorney general's office has a different view of the case. The request by Iowa to Texas was only to collect the amount already owed under the decree— not to authorize the Texas attorney general to negotiate a lesser figure. Moreover, the attorney general claims the amount Texas was requested to collect was for past-due support, not future support, and Texas therefore had no authority to retroactively modify the amount due. As to Griffey's acquiescence argument, the attorney general contends first, as a legal matter, that a government entity is not subject to an acquiescence defense. Second, as a factual matter, Iowa had not acquiesced in the order because it had attempted to collect on the Iowa decree in 1995 and 1996 by intercepting Griffey's federal income tax refunds.

When Texas entered its order that is in controversy here, Iowa Code chapter 252A (1985) was the statute under which a child support claimant could collect against the support debtor residing in another state.

The process under this statute was not to collect on the Iowa judgment itself, but to initiate a new action in the responding state. *See* Iowa Code § 252A.6(3). That was done here, with the Texas attorney general acting as the "petitioner's representative." The Texas attorney general and Griffey worked out the "Agreed Support Order" under which Griffey was obligated to pay $12,000 rather than the $19,980 actually owed under the Iowa decree.

The parties disagree as to the impact on interstate child support collections of statutes postdating the Iowa statute then in force, including the federal Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B (enacted in 1994), and the Uniform Interstate Family Support Act (UFISA), Iowa Code chapter 252K (1999) (enacted by Iowa in 1997).

We need not consider the impact of these subsequent statutes on the collection of child support in this case for two reasons. First, at the time the Texas order was entered, Iowa's statute did not permit a receiving state to supersede an existing order by the initiating state. *See* Iowa Code § 252A.6(15) (1985).

> Any order of support issued by a court of the state acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

*Id.*

Second, long-standing Iowa law has prohibited the modification of past-due support payments. *See Newman v. Newman*, 451 N.W.2d 843, 844–45 (Iowa 1990) ("The retroactive forgiveness of child support liability that [the father] proposes would fly in the face of our long-standing rule that a court has no authority to divest the parties of rights accrued under the original decree."); *In re Marriage of Shepherd*, 429 N.W.2d 145, 146 (Iowa 1988) (same); *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964) (same).

In the present case, all child support had accrued as of December 17, 1983, when the youngest child of the parties reached majority. The referral to Texas for collection was in 1986, so as of that time all payments were vested and not subject to modification by an Iowa court. Texas as the responding state to Iowa's collection request could not enter an order binding on an Iowa court that the Iowa court itself could not enter.

While an arrearage in child support payments cannot be modified retroactively to alter the debt due, equitable defenses can be interposed to bar collection of the debt. *In re Marriage of Welsher*, 274 N.W.2d 369, 372 (Iowa 1979); *Cullinan v. Cullinan*, 226 N.W.2d 33, 34 (Iowa 1975). However, we reject Griffey's estoppel-by-acquiescence argument. It is clear the Child Support Recovery Unit attempted to enforce the claim assigned to it by Lois Griffey. *See Davidson v. Van Lengen*, 266 N.W.2d 436, 439 (Iowa 1978) (acquiescence claim will be rejected when facts show claimant attempted to enforce claim). Furthermore, the doctrine of estoppel is generally not applicable to governmental bodies, like the Child Support Recovery Unit, except in exceptional circumstances. *City of Lamoni v. Livingston*, 392 N.W.2d 506, 512 (Iowa 1986). No such circumstances exist here. On the contrary, public policy favors enforcement of child support judgments, as is exemplified in the 1997 amendment to Iowa Code section 614.1(6), which expressly exempted judgments for child support and spousal

support from the twenty-year statute of limitations on actions to collect judgments.

We reverse and remand for enforcement of the income-withholding order to collect the difference between the amount owed under the Iowa decree and the amount paid by Griffey.

**REVERSED AND REMANDED.**