Richard BAILIFF, Appellant,

v.

ADAMS COUNTY CONFERENCE BOARD, Appellee.

No. 01–0851.

Supreme Court of Iowa.

Sept. 5, 2002.

Patrick Michael McGraw of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellant.

Hugh J. Cain of Hopkins & Huebner, P.C., Des Moines, and Jon K. Swanson of Gaudineer, Comito & George, L.L.P., West Des Moines, for appellee.

LARSON, Justice.

Richard Bailiff, who previously had served as the Adams County assessor, was not reappointed to that position by the Adams County Conference Board. He sued the board and several other parties in

state court, then dismissed this suit to file in federal court. The federal court dismissed the federal claims, and Bailiff refiled in state court, claiming breach of contract, wrongful termination, failure to pay wages, retaliatory discharge, estoppel, violation of the Iowa Constitution, and violation of the open meetings law. The district court rejected all of his claims, and he appealed. We affirm.

## I. *Facts and Prior Proceedings.*

Richard Bailiff had served as Adams County assessor for over twenty years when, on February 13, 1997, the Adams County Conference Board "reappointed" Bailiff for a six-year term, to begin January 1, 1998. *See* Iowa Code § 441.8 (1997). As required by statute, the three voting groups of the conference board caucused separately to discuss the vote, and each group voted as a unit. The three voting units of the conference board are (1) representatives from each of the school boards within the county, (2) members of the board of supervisors, and (3) the mayors of the towns within the county. *See* Iowa Code § 441.2.

Two mayors were present and voted as members of the mayors' voting unit. Judy Beckett also participated in the mayors' voting unit, at the request of the mayor of Prescott, although she was not a mayor herself. The Iowa Administrative Code provides that only members of the conference board may vote on conference board matters, except that a mayor may appoint a mayor pro tem to vote in the mayor's place. Iowa Admin. Code r. 701—71.19(3) (1997). Beckett was not a mayor pro tem.

The mayors' unit voted in favor of reappointing Bailiff. No record was kept, nor any evidence produced, concerning the breakdown of the votes of the individuals within the mayors' voting unit. Therefore, it is unknown whether the vote was unanimous or two-to-one in favor of reappointment within the mayors' voting unit. The school boards' representatives also voted in favor of Bailiff's reappointment, thereby providing the second vote required for reappointment. The board of supervisors voted against it.

Later, questions arose about the legality of the vote to reappoint Bailiff. On January 20, 1998, members of the conference board reviewed the minutes of the February 13, 1997 meeting. The chairman of the board of supervisors, who was also the chairman of the conference board, called a meeting of the conference board to discuss an error in Bailiff's reappointment.

The conference board met on February 4, 1998, and voted to deny reappointment to Bailiff for the six-year term beginning January 1, 1998. By that time he was one month into his "new term." Bailiff claims this action was ineffective because, under Iowa Code section 441.8, he had been reappointed for a six-year term and further he had not been notified by the board of their decision not to reappoint him prior to the expiration of his previous term, as required by Iowa Administrative Code rule 701–72.16(441)(1) (requiring ninety-day notice of decision not to reappoint before the end of the assessor's current term). Bailiff testified that, had such notice been given, he would have sought one of at least twelve other assessor positions that were vacant and available in late 1997 for the following six-year term.

Bailiff first brought this action in the Adams County District Court against the Adams County Conference Board, the county board of supervisors, and each individual member of the two boards, along with the Adams County attorney. Bailiff dismissed that action and filed his case in federal court. The board of supervisors and its individual members filed a motion for partial summary judgment, which the

court granted. The federal court held that Bailiff was not validly appointed but was merely a holdover appointee because of the nonmember's participation in the vote to reappoint him. According to the court, the conference board's failure to recognize a new six-year term or to give the requisite ninety-day notice of its intent not to reappoint Bailiff did not deprive him of a property right. It dismissed the counts in Bailiff's complaint containing federal. questions and dismissed the remainder of his complaint without prejudice to allow Bailiff to refile his state claims in an Iowa district court.

Bailiff filed a recast petition in Adams County District Court, alleging breach of contract, wrongful termination, failure to pay wages and salary, retaliatory discharge, estoppel, violation of the Due Process Clause of the Iowa Constitution, and violation of Iowa's open meetings law. The defendants moved for summary judgment on all of his claims. The district court found that the federal court's previous rulings precluded the Iowa court from addressing the breach of contract, wrongful termination, retaliatory discharge, and violation of the Iowa Constitution, all based on the "law of the case." The court then dismissed all of plaintiff's claims except his estoppel claims, which were preserved for trial. On June 1, 2000, Bailiff moved to amend his petition to include a claim of negligence against the conference board. The district court denied the motion to amend on June 14, 2000.

On January 17, 2001, a trial to the court began on Bailiff's claims of equitable estoppel, promissory estoppel, and estoppel by acquiescence. The court found in favor of the conference board on all of the claims. Following trial, Bailiff moved to amend his petition, this time to conform to the evidence, again attempting to add the negligence claim that had been previously rejected and a claim based on our wage-payment law, Iowa Code ch. 91A. The court denied the motion to amend, finding that the Iowa Administrative Code does not give rise to a statutory duty for purposes of Bailiff's negligence claim, and the record could not support the chapter 91A claim. Bailiff appealed.

## II. *The Issues.*

Bailiff argues the district court erred in denying his motion to amend his petition, rejecting his estoppel arguments, and rejecting his Iowa due process argument. We take them up in reverse order.

■ A. *The due process argument.* The federal district court denied Bailiff's due-process claim under the Federal Constitution on the ground he had no property right in the office of assessor. Bailiff contends he nevertheless has a due-process claim under the Iowa Constitution.

The United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. The due process clause of the Iowa Constitution provides "no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. 1, § 9.

We have said we will interpret our due process clause consistently with federal courts' interpretation of the Federal Due Process Clause. *See, e.g., Exira Cmty. Sch. Dist. v. State,* 512 N.W.2d 787, 792 (Iowa 1994) ("We usually deem the federal and state Due Process and Equal Protection Clauses to be identical in scope and purpose.").

■ It is contended by Bailiff that the federal court's application of the Federal Due Process Clause was erroneous. However, the weakness of his argument in this court, as it was in federal court, is that he

did not have a property right to hold the assessor position. To claim a constitutionally protected property right, a person "must ... have a legitimate claim of entitlement" to the position. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972).

Bailiff relies on Iowa Code section 441.8 and the Iowa Administrative Code provisions implementing that section to support his claim that he had a property right in continued occupancy of the assessor's office. Section 441.8 provides:

> The term of office of an assessor appointed under this chapter shall be for six years. Appointments for each succeeding term shall be made in the same manner as the original appointment except that not less than 90 days before the expiration of the term of the assessor the conference board shall hold a meeting to determine whether or not it desires to reappoint the incumbent assessor to a new term.

The issue here is whether Bailiff was "appoint[ed] for [a] succeeding term" under section 441.8 when the conference board met and voted on February 13, 1997. The statutory scheme, as supplemented by administrative rules, prescribes a detailed method for appointment and reappointment of assessors. It is unquestioned that Judy Beckett, who voted with the mayors' group, was not a member of the conference board, because she was neither a mayor nor a mayor pro tem. *See* Iowa Code § 441.2 (prescribing makeup of conference board). This rendered the vote ineffective. *See* Iowa Admin. Code r. 701—71.19(3) (1997) ("If a member of the conference board is absent from the meeting, the member's vote may not be cast by another person. . . .").

We have said an appointment of a public official must be made in strict compliance with the statute or constitution granting the power to appoint. *Westphal v. City of Council Bluffs*, 275 N.W.2d 439, 443 (Iowa 1979). The "appointment" of Bailiff was not made in strict compliance with the statute and administrative rules and is therefore void. Bailiff's status after December 31, 1997, when his official term expired, was only as a holdover. *See id.* at 442–43. He therefore had no "right" to the position sufficient to give him a due-process claim. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561; *Westphal*, 275 N.W.2d at 445.

The *Westphal* case is not discussed or distinguished by Bailiff. Rather, he relies on the statutory and administrative rules applicable to assessors that were not at issue in *Westphal*. He complains that

> Richard Bailiff was not notified in writing or by any other means of the Board's intent to not reappoint him for this term at least 90 days prior to the expiration of his previous term, and his successor was not named at least 60 days prior to the expiration of his previous term, all in violation of § 441.8 of the Iowa Code, and r. 701—72.16(441)(1) of the Iowa Administrative Code.

Iowa Code section 441.8, quoted above, provides that the board shall meet not less than ninety days prior to the expiration of the assessor's term, but does not require a ninety-day notice of nonappointment as Bailiff suggests. However, our administrative code provides for such notice:

> A conference board must decide whether to reappoint an incumbent assessor at least ninety (90) days before the expiration of the incumbent's term. If the incumbent is not to be reappointed, the conference board shall so notify the incumbent in writing at least ninety (90) days before the expiration of the incumbent's term.

Iowa Admin. Code r. 701—72.16(441)(1).

Nothing in this administrative rule states, or even suggests, that the failure of

the conference board to notify an assessor ninety days in advance of his nonappointment will result in his automatic reappointment as Bailiff suggests. In view of the legislature's detailed procedure for selection of an assessor and the key role played by the assessor in our property tax scheme, it is highly unlikely the legislature envisioned what Bailiff seeks here-a reappointment of a public official by default. We reject the plaintiff's due process argument.

B. *The amendment issues.* Bailiff attempted to amend his petition to add claims for negligence in a pretrial motion. The court rejected that amendment without stating any reasons. After trial Bailiff attempted to amend his petition to conform to the proof, again raising the negligence issue and raising additional claims under the wage-payment statute, Iowa Code ch. 91A. The court rejected his posttrial motion to amend on the ground there was no evidence at trial to establish the elements of negligence or his chapter 91A claims. Furthermore, the court concluded a private cause of action in negligence could not be implied under any of the statutes or administrative rules.

A ruling on amendments lies in the discretion of the district court, and we will reverse only on a clear abuse of that discretion. *Whalen v. Connelly,* 545 N.W.2d 284, 293 (Iowa 1996). We find no abuse here; we agree with the district court that granting a motion to amend to conform to the proof would have been ineffectual because the record failed as a matter of law to establish the claims of negligence or a violation of our wage-payment law for the reasons that follow.

On the negligence claim based on the board's failure to give Bailiff ninety days notice of his nonappointment, administrative rule 701—72.16(441)(1), quoted above, does not provide expressly for a private cause of action against the conference board for failure to give the ninety-day notice. When a statute or rule does not expressly provide a cause of action, we look to see if a cause of action may be implied. *See Marcus v. Young,* 538 N.W.2d 285, 288 (Iowa 1995). This is the test we have adopted:

1. Is the plaintiff a member of the class for whose benefit the statute was enacted?

2. Is there any indication of legislative intent, explicit or implicit, to either create or deny such a remedy?

3. Would allowing such a cause of action be consistent with the underlying purpose of the legislation?

4. Would the private cause of action intrude into an area over which the federal government or a state administrative agency holds an exclusive jurisdiction?

*Id.*

There is no indication of legislative intent to create such a remedy. Moreover, as to both the negligence claim and the claim under Iowa Code section 91A.8 for sick leave and vacation pay, we agree with the district court that these amendments would have been futile because the record made at trial was devoid of any testimony or offer of proof of the plaintiff's damages. In other words, there was no evidence on this key element of the claims as to which the pleading could conform. While Bailiff testified there were assessor positions open for which he could have applied, there was no evidence proffered as to the likelihood of Bailiff's being appointed or, if appointed, what his income would have been.

C. *The estoppel issue.* Bailiff raises issues of equitable estoppel, promissory estoppel, and estoppel by acquies-

627

cence. The general rule is that estoppel does not lie against government agencies except in exceptional circumstances. *In re Marriage of Griffey,* 629 N.W.2d 832, 834 (Iowa 2001) (estoppel doctrine inapplicable to Iowa child support recovery unit); *City of Lamoni v. Livingston,* 392 N.W.2d 506, 511–12 (Iowa 1986) (doctrine inapplicable to city); 28 Am.Jur.2d *Estoppel & Waiver* § 138, at 557–58 (2000). A party seeking to invoke the doctrine of estoppel against a public body "bears a heavy burden, particularly when the government acts in a sovereign or governmental role rather than a proprietary role." *Id.* § 139, at 558. Here, the conference board was clearly acting in its governmental role in compliance with the statutory duties assigned to it, and we find no exceptional circumstances that would justify an exception to the general rule.

We find no basis for reversal and therefore affirm the ruling of the district court.

**AFFIRMED.**