# IN THE COURT OF APPEALS OF IOWA

No. 19-0089
Filed August 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH SCOTT WAIGAND,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, John D. Lloyd, Judge.


Joseph Waigand appeals the order setting victim restitution following his guilty plea to ongoing criminal conduct.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.


Considered by Mullins, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

On July 8, 2018, Joseph Waigand pleaded guilty to ongoing criminal conduct. *See* Iowa Code § 706A.2(1) (2016). The charge relates to his sale of farming related assets that were secured by Iowa State Savings Bank in Creston and his resulting failure to apply the proceeds to his indebtedness with the bank. On September 5, the district court sentenced him to a term of incarceration not to exceed twenty-five years, suspended, placed him on supervised probation for five years, and ordered him to pay restitution. After a hearing on the State's application to set victim restitution, the court, on September 19, set the amount at $988,636.25. Waigand now appeals, asserting the court erred in the amount the court set, that he was entitled to a jury trial in determining the amount of victim restitution, and the State is equitably estopped from imposing the full amount of victim restitution.[1]

"We review restitution orders for correction of errors at law." *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). In reviewing a restitution order, "we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). We review constitutional claims, including ineffective assistance of counsel, de novo. *State v. Feregrino*, 756 N.W.2d 700, 703 (Iowa 2008).

---

[1] Waigand raises some of his claims under an ineffective-assistance-of-counsel framework. His appeal was pending on July 1, 2019, so we may address his ineffective-assistance claims on direct appeal. *See State v. Macke*, 933 N.W.2d 226, 227 (Iowa 2019) ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.").

Waigand begins by claiming the amount of victim restitution is excessive. He asserts he only pleaded guilty to improperly diverting the proceeds of secured collateral in forty specific transactions, approximately totaling $270,000, and any amount above the pled facts lacks evidentiary support.

"In Iowa, restitution shall be ordered in all criminal cases in which the defendant pleads guilty or is found guilty." *Bonstetter*, 637 N.W.2d at 165. "Once the victim is identified, the court must determine what losses may be considered in calculating the amount of restitution." *Id.* "Any damages that are causally related to the criminal activities may be included in the restitution order." *Id.* "A restitution order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act." *Id.* "The relationship must be shown by a preponderance of the evidence." *Id.* at 166. The district court ordered restitution in the amount of $988,636.25, which is the amount of loss reported by the victim bank. An officer for the bank testified the bank loaned money to Waigand, relying on and securing his stated assets, and $988,636.25 was his outstanding debt to the bank after foreclosure and liquidation of the remaining collateral. The bank also prepared a statement, which the State submitted as an exhibit, showing Waigand still owed $988,636.25 to the bank. The witness testimony and the exhibit establish a causal relation between Waigand's crime and the full amount of the bank's loss. Therefore, we find no error in the amount of restitution ordered.

Waigand also asserts the court erred by failing to include an offset provision in the restitution order as requested. In the foreclosure action, the bank obtained a $988,636.25 civil judgment against Waigand. Waigand correctly notes the criminal restitution he pays must be set off against this civil judgment. *See* Iowa

Code § 910.8 (2018) ("[A]ny restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event."); *see also State v. Driscoll*, 839 N.W.2d 188, 191 (Iowa 2013) ("[T]he purpose of [section 910.8] is to coordinate civil recoveries with criminal restitution to avoid double recovery."); *State v. Klawonn*, 688 N.W.2d 271, (Iowa 2004) ("It appears the purpose of [section 910.8] is to coordinate restitution with civil damage awards in order to prevent a victim from receiving a windfall of [restitution] in addition to the collectible damages recoverable by a judgment entered in the civil action."). The State agrees with this law in its arguments to us. While Waigand is entitled to an offset, he cites no law requiring the restitution order explicitly recite his right to an offset. We find no error in the court's failure to include his request for an offset provision.

Next, Waigand claims he is entitled to a jury trial to determine the amount of victim restitution. *See* U.S. Const. amend. 6; Iowa Const. art. I, § 9. He asserts his sentence is illegal without the opportunity for a jury trial on restitution. The State argues this is not a proper challenge to an illegal sentence, and we agree. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) ("[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed . . . . This conclusion does not mean that any constitutional claim converts a sentence to an illegal sentence. For example, claims under the Fourth, Fifth and Sixth Amendments ordinarily do not involve the inherent power of the court to impose a particular sentence.").

Alternatively, Waigand claims his counsel was ineffective for failing to assert his right to a jury trial to determine the amount of restitution. Typically, "a defendant claiming ineffective assistance of counsel must show both a breach of duty and prejudice." *Feregrino*, 756 N.W.2d at 705. Our supreme court has long held criminal defendants have no "right to a jury trial at the time of sentencing." *State v. Mayberry*, 415 N.W.2d 644, 647 (Iowa 1987). Waigand points to a subsequent United States Supreme Court case that found "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."). Because the amount of victim restitution relies on additional facts beyond those Waigand admitted to in his plea, he argues *Apprendi* and its progeny entitle him to a jury trial on restitution. *See* 530 U.S. at 490. However, Waigand only speculates on "[t]he possible application of the Sixth Amendment to criminal restitution." Our supreme court noted this ambiguity, stating legal commentators have struggled with characterizing restitution as civil or criminal and subject to the appropriate defenses and process. *See State v. Shears*, 920 N.W.2d 527, 531 (Iowa 2018). Regardless of any ambiguity, *Mayberry* remains good law, untouched by our supreme court. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Therefore, Waigand's counsel was not ineffective for failing to argue a right to a jury trial attached to the determination of the amount of restitution.

Finally, Waigand argues his counsel was ineffective for failing to argue the State was equitably estopped from seeking $988,636.25 in restitution. He notes that during the plea hearing, the State provided a restitution amount of approximately $270,000 and said it intended "to request that amount or near that" during sentencing. He claims equitable estoppel prevents the State from requesting significantly more restitution during sentencing.

To succeed in a claim of equitable estoppel, Waigand must show by clear, convincing, and satisfactory evidence: "(1) a false representation or concealment of material fact by the [State], (2) a lack of knowledge of the true facts by [Waigand], (3) the [State's] intention the representation be acted upon, and (4) reliance upon the representations by [Waigand] to [his] prejudice and injury." *City of Marshalltown v. Ryerson*, 535 N.W.2d 135, 137 (Iowa Ct. App. 1995). He must also show "exceptional circumstances" to apply equitable estoppel against the State. *Id*. The final restitution amount of $988,636.25 is based on the amount the bank reported as the remaining liability on its loans to Waigand. He has not shown the State falsely represented or concealed this amount, nor has he shown he lacked knowledge of his remaining liability to the bank. *See id*. He has also not shown exceptional circumstances to justify equitable estoppel against the State. *See id*. Therefore, his counsel was not ineffective for failing to assert equitable estoppel against the amount of victim restitution.

Finding the district court did not err in setting the amount of victim restitution and Waigand's counsel was not ineffective for failing to assert a right to a jury trial or equitable estoppel, we affirm.

**AFFIRMED.**