**IN THE COURT OF APPEALS OF IOWA**

No. 19-1370
Filed September 23, 2020

**IN RE THE MARRIAGE OF DOUGLAS LYLE SANTEE
AND DEBRA RAE SANTEE**

**Upon the Petition of
DOUGLAS LYLE SANTEE,**
        Petitioner-Appellant,

**And Concerning
DEBRA RAE SANTEE,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.


        Douglas Santee and his new wife, Ramona Santee, appeal the order denying their challenge to an administrative levy under Iowa Code chapter 252I (2019). **AFFIRMED.**


        David H. Skilton of Cronin, Skilton & Skilton, P.L.L.C., Charles City, for appellant.

        Thomas J. Miller, Attorney General, and Amy E. Klocke and Gary J. Otting, Assistant Attorneys General, for appellee State.


        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Douglas Santee fell many years behind on his child support obligation owed to his ex-wife, Debra Rae Santee. In June 2019, the Child Support Recovery Unit (CSRU), established within the Iowa Department of Human Services, sent a notice of administrative levy to a financial institution. The notice directed the financial institution to levy funds in any accounts solely- or jointly-held by Douglas to apply the funds to Douglas's outstanding child support delinquency. The financial institution levied a total of $3860.16 in three separate accounts and notified Douglas of the levy. At least one of the accounts levied was an account owned jointly by Douglas and his wife, Ramona Santee.[1]

In response to the levy, Douglas and Ramona wrote to the CSRU to request financial hardship, claiming they needed funds in the levied accounts to pay medical bills and other essentials. Ramona also claimed the funds in the jointly-held levied accounts included proceeds of a loan Ramona took out for the purpose of paying medical bills. The CSRU granted Douglas a hardship exemption on his withheld income. *See* Iowa Admin. Code r. 441-98.25 (allowing an obligor to request "an amendment of the amount withheld as payment toward the delinquency" on the basis of hardship, which is determined by the obligor's income).

---

[1] As a joint owner of one or more of the levied accounts, Ramona was entitled to notice of the levy and was statutorily authorized to challenge the levy. *See* Iowa Code §§ 252I.6(2), 252I.8(1) (2019). As a result, Ramona is properly a party to this proceeding in spite of the fact she is not named in the caption. In contrast, we note Debra Santee is not a party to this appeal in spite of the fact she is named in the caption.

Douglas and Ramona also challenged the administrative levy with the CSRU, and the CSRU denied the challenge. Douglas and Ramona then requested a hearing on the matter with the district court under Iowa Code chapter 252I (2019). After the hearing, the district court issued an order finding no mistake of fact and ordering the financial institution to forward the levied moneys to the CSRU. Douglas and Ramona filed a motion to reconsider under Iowa Rule of Civil Procedure 1.904(2), which the district court denied without additional comment. Douglas and Ramona now appeal to this court, raising estoppel and due process arguments.

**Error Preservation**.

Before addressing the merits of the appeal, we must first address error preservation regarding Ramona's due process claim. Ramona seeks relief based on her claim she was denied due process of the law under the federal constitution and the Iowa constitution. Specifically, she asserts the administrative-levy process failed to give proper consideration to her interest in the garnished funds when she owed no child support to Debra. The State asserts Ramona failed to preserve error on this issue. We agree. Douglas and Ramona's brief asserts error was preserved "through the filings, trial, post-trial brief, and request for reconsideration." However, review of the transcript and post-trial brief reveals no reference to any claimed due process violation. In their motion to reconsider filed pursuant to Iowa Rule of Civil Procedure 1.904(2), Douglas and Ramona raise, for the first time, an alleged due process violation. This did not preserve error. Parties cannot raise an issue for the first time in a motion pursuant to rule 1.904(2), and doing so does not preserve error on that issue. *Winger Contracting Co. v. Cargill*,

*Inc.*, 926 N.W.2d 526, 543 (Iowa 2019); *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013) ("It is well-settled that a party fails to preserve error on new arguments or theories raised for the first time in a posttrial motion."). Due to Ramona's failure to raise a due process issue at any time prior to mentioning it in a post-trial motion, Ramona has not preserved error on this issue and we will give it no further consideration.

**Equitable Estoppel.**

The parties agree the district court proceeding was a law action and our review is at law. The district court's factual findings are binding on us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a).

Douglas and Ramona argue the doctrine of equitable estoppel bars the CSRU from levying their accounts. "The doctrine of equitable estoppel is a common law doctrine preventing one party who has made certain representations from taking unfair advantage of another when the party making the representations changes its position to the prejudice of the party who relied upon the representations." *ABC Disposal Sys., Inc. v. Dep't of Nat. Res.*, 681 N.W.2d 596, 606 (Iowa 2004). The elements of equitable estoppel are: "(1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice." *Hook v. Lippolt*, 755 N.W.2d 514, 524–25 (Iowa 2008) (setting forth the elements of equitable estoppel, including that the defendant "has made a false representation" (quoting *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005))). To succeed, the plaintiff must prove all elements by clear and convincing evidence.

*Id.* at 524. However, "the doctrine of estoppel is generally not applicable to governmental bodies, like the [CSRU], except in exceptional circumstances." *In re Marriage of Griffey*, 629 N.W.2d 832, 834 (Iowa 2001).

Douglas's child support obligation began in 1996. He made a few payments toward his obligation at first, but he soon stopped paying and made no child support payments for approximately twenty years, accumulating more than $50,000.00 in outstanding support. When he resumed paying toward his obligation in 2017, he testified the CSRU said they would not engage in "double dipping" and attempt to collect his child support obligation through other means. Douglas and Ramona claim they relied on this assertion to their detriment, thus equitable estoppel bars the CSRU from levying the accounts.

This claim fails for two reasons. First, Iowa Code chapter 252I controls the process for the CSRU to levy accounts held at financial institutions for delinquent child support obligations. Section 252I.8 outlines a procedure for an obligor to challenge a levy under this chapter, first with the CSRU and then with the courts. Once the challenge reaches the district court, the statute sets forth specific actions the court may take:

> c. If the court finds that there is a mistake of identity or that the obligor does not owe the delinquent support, the unit shall notify the financial institution that the administrative levy has been released.
> d. If the court finds that the obligor has an interest in the account, and the amount of support due was incorrectly overstated, the unit shall notify the financial institution to release the excess moneys to the obligor and remit the remaining moneys in the amount of the debt to the collection services center for disbursement to the appropriate recipient.
> e. If the court finds that the obligor has an interest in the account, and the amount of support due is correct, the financial institution shall forward the moneys to the collection services center for disbursement to the appropriate recipient.

Iowa Code § 252I.8(5). The statute also explicitly states, "Issues related to visitation, custody, or other provisions not related to levies against accounts are not grounds for a hearing under this chapter." *Id.* § 252I.8(5)(g). Under this structure, the court's review of a challenge to a chapter 252I levy is limited to a mistake of fact in identity or amount. Douglas and Ramona's claim of equitable estoppel is not a consideration for a chapter 252I challenge.

Second, even if equitable estoppel could apply to a chapter 252I challenge, the district court found Douglas and Ramona failed to satisfy their burden of proving the elements of equitable estoppel by clear and convincing evidence. *See Hook*, 755 N.W.2d at 524. In particular, the court found Douglas and Ramona failed to satisfy the second element, that they lacked "knowledge of the true facts." *See ABC Disposal*, 681 N.W.2d at 606. The only evidence of the representation is Douglas's testimony about the statement of his former CSRU caseworker. Despite this claimed representation that CSRU would not pursue other collection means, Douglas and Ramona knew CSRU withheld their 2017 and 2018 joint income tax refunds to apply to Douglas's outstanding child support obligation. The interception of Douglas and Ramona's tax refunds to apply to Douglas's outstanding child support obligation was done in spite of the fact that withholding from Douglas's income was reduced due to the hardship procedure. Therefore, Douglas and Ramona were well aware that CSRU was free to engage in other collection efforts beyond the reduced income withholding. This knowledge by Douglas and Ramona's defeats their ability to establish the second element of their equitable estoppel claim and their claim fails as a result. Additionally, the district

court found insufficient evidence "of the exceptional nature of this case" such that estoppel could be applied against a governmental entity. *See Griffey*, 629 N.W.2d at 834. We find no error in the district court's conclusion that Douglas and Ramona failed to prove the elements of equitable estoppel or the exceptional circumstances required to claim equitable estoppel against the CSRU.

Douglas acknowledges he holds an interest in the levied accounts, he has a delinquent child support obligation, and this obligation exceeds the $3860.16 levied in the accounts. Having determined equitable estoppel does not apply to a chapter 252I challenge and was not proven, the district court correctly ordered the financial institution to forward the levied moneys to the CSRU. *See* Iowa Code § 252I.8(5)(e). Therefore, we affirm the district court's order rejecting Douglas and Ramona's challenge to the levy and ordering the financial institution to forward the levied moneys to the CSRU.

**AFFIRMED.**